UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN ADAMS,                         :        CIVIL ACTION NO. 3:CV-12-1716
                                     :
            Petitioner               :        (Judge Nealon)
                                     :
      v.                             :
                                     :
PENNSYLVANIA BOARD OF                :
PROBATION AND PAROLE                 :
                                     :
            Respondent               :

## MEMORANDUM

Shawn Adams, an inmate confined at the State Correctional Institution,
Dallas ("SCI-Dallas"), Pennsylvania, filed this petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254. (Doc. 1). Adams challenges a decision by the
Pennsylvania Board of Probation and Parole ("the Board") to recalculate his
parole maximum date. The petition is ripe for disposition. For the reasons that
follow, the petition will be dismissed.

## Background

On November 7, 1996, the Court of Common Pleas of Luzerne County
sentenced Adams to a term of 9 to 20 years for Criminal Homicide. (Doc. 8-2 at
2, Sentence Status Summary). The original minimum and maximum dates for this
sentence were August 12, 2005 and August 12, 2016, respectively. Id.

On October 11, 2005, the Board paroled Adams from this sentence to reside in the Minsec Scranton center. (Doc. 8-1, Declaration of John Janis, Director of Case Analysis Division for the Board, at 3).

On November 17, 2005, Minsec Scranton discharged Adams from the program prior to successful completion. Id. The Board arrested Adams that same day for violating his parole. Id. Following a violation hearing, the Board recommitted Adams as a technical parole violator for violating condition #7 (failure to successfully complete the Minsec program) of his parole by decision mailed April 13, 2006 (recorded 03/29/2006). (Id. at 4). Despite the parole revocation, Adams' maximum sentence date remained August 12, 2016. Id. Thereafter, the Pennsylvania Department of Corrections adjusted Adams' maximum sentence structure by adding one day to both his minimum and maximum sentence dates. Id. This resulted in controlling minimum and maximum sentence dates of August 13, 2005 and August 13, 2016, respectively. Id.

On May 12, 2008, The Board reparoled Adams from this sentence on May 12, 2008 to reside in the Scranton Community Corrections Center. (Doc. 8-2 at 6, Order to Release/Reparole). Between his release on parole and December 18,

2

2009, the Board issued several warnings and held an administrative conference for Adams based on several urine samples that tested positive for alcohol, marijuana and THC and other improper conduct. (Doc. 8-2 at 11-12, Supervision History).

On December 18, 2009, police arrested Adams for new criminal charges stemming from a DUI incident occurring on June 27, 2009. Id. Those charges were docketed in the Court of Common Pleas of Luzerne County at CP# 0547-2010. (Doc. 8-2 at 14-21, Comm of Pa v. Adams, Docket Number: CP-40-CR-0000547-2010). The court released Adams on unsecured bail from the charges at CP# 0547-2010 on December 18, 2009. Id. The Board lodged its detainer against Adams that same day for parole violations thereby preventing his release from custody. Id. Adams was returned to a state correctional institution on December 18, 2009. Id.

By Notice of Board Decision recorded on April 19, 2010 and mailed on April 27, 2010, the Board recommitted Adams as a technical parole violator for violating conditions: #3B (failure to report an arrest within 72 hours), #5A (use of drugs), #7 CT1 (alcohol consumption) and #7 CT2 (entering establishments that sell or dispense alcohol) of his parole. (Doc. 8-2 at 23-24, Notice of Board Decision).

3

On October 13, 2010, Adams pled guilty to three counts of DUI at CP# 0547-2010. (Doc. 8-2 at 14-21, <u>Comm of Pa v. Adams</u>, Docket Number: CP-40-CR-0000547-2010). On October 27, 2010, the court sentenced Adams to serve a term of 72 hours to 6 months for the new convictions. (Doc. 8-2 at 26, Sentencing).

On October 26, 2010, Adams waived his right to a revocation hearing on the new convictions. (Doc. 8-2 at 28, Waiver of Revocation Hearing and Admission Form). By Notice of Board Decision mailed February 16, 2011 (recorded 12/28/2010), the Board recommitted Adams as a convicted parole violator for his three counts of DUI at CP# 0547-2010. (Doc. 8-2 at 30, Notice of Board Decision). The Board's decision also recalculated Adams' maximum sentence date from August 13, 2016 to April 30, 2018 based on his recommitment as a convicted parole violator. <u>Id</u>. The decision notified Adams of the following: "IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER." <u>Id</u>.

By Notice of Board Decision recorded on September 1, 2011, the Board denied Adams reparole for the following reasons: (a) Adams' need to

4

participate in and complete additional institutional programs; (b) Adams' risk and

needs assessment indicating your level of risk to the community; (c) The negative

recommendation made by the Department of Corrections; and (d) Adams' prior

unsatisfactory parole supervision history.  (Doc. 8-2 at 36, Notice of Board

Decision).

By Notice of Board Decision recorded on August 7, 2012, the Board

denied Adams reparole for the following reasons: (a) Adams' risk and needs

assessment indicating your level of risk to the community; (b) Adams' prior

unsatisfactory parole supervision history; (c) Reports, evaluations and

assessments/level of risk indicates Adams' risk to the community; and (d) Adams'

failure to demonstrate motivation for success.  (Doc. 8-2 at 39, Notice of Board

Decision).  Adams was to be scheduled for parole review again in, or after, May

2013.  Id.

On August 8, 2012, Petitioner filed the instant petition for writ of

habeas corpus in which he challenges the recalculation of his maximum sentence

date by the Pennsylvania Board of Probation and Parole.  (Doc. 1, petition).

**Discussion**

Respondent seeks dismissal of the petition based on Adams' failure to

seek final administrative review and exhaust his state court remedies. Absent

unusual circumstances, federal courts will not consider the merits of a claim for

habeas corpus unless the petitioner has complied with the exhaustion requirement

set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner

give the state courts a fair opportunity to review his allegations of constitutional

error before seeking relief in the federal court. See Baldwin v. Reese, 541 U.S.

27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the

remedies available in the courts of the state "if he has the right under the law of

the State to raise, by any available procedure, the question presented." 28 U.S.C. §

2254(c).

      To properly exhaust a claim involving a determination by the Parole

Board, the petitioner must first seek administrative review with the Parole Board

within thirty days of the mailing date of the Board's decision. See 37 Pa.Code §

73.1(a). Once the Parole Board has rendered a final decision, the petitioner must

seek review in the Commonwealth Court. See 42 Pa.C.S.A. § 763(a). Unlike

appeals and collateral review of convictions, a petitioner challenging the

Commonwealth Court's denial of parole relief must seek review in the

Pennsylvania Supreme Court in order to satisfy the exhaustion requirement.

6

Pagan v. Pennsylvania Bd. of Prob. and Parole, 2009 WL 210488 *3 (E.D.Pa.

January 22, 2009); see also Brown v. Pennsylvania Bd. of Prob. and Parole, 2010

WL 2991166 (E.D.Pa. July 28, 2010).  If the petitioner fails to seek review from

the Supreme Court of Pennsylvania, then the state claim is unexhausted. See

Williams v. Wynder, 232 Fed. App'x. 177, 181 (3d Cir.2007).

   The record reveals that Petitioner failed to seek administrative review

with the Parole Board within thirty days of the mailing date of the Board's

decision recalculating his maximum date.  Although the Board's February 16,

2011 decision notified Adams of this right to appeal within thirty days, the record

is devoid of any request for administrative relief with the Board, or appeal to any

state court, filed on behalf of Adams.  Consequently, Adams' failure to submit a

request for administrative relief denied the Board the opportunity to address this

claim and, as such, his claim was not "fairly presented" at the state level.  Because

Adams denied the Board the opportunity to address his recalculation claim, he

waived his right to judicial review of the recalculation decision under

Pennsylvania law.  See 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a); McCaskill v.

Pennsylvania Board of Probation and Parole, 158 Pa. Commw. Ct. 450, 631 A.2d

1092 (1993); Newsome v. Pennsylvania Board of Probation and Parole, 123 Pa.

Commw. Ct. 413, 553 A.2d 1050 (1989).

Moreover, Petitioner's claim in the instant petition is now time-barred under state law as the time for filing a petition for review with the Commonwealth Court has expired.  See Pa.R.A.P. 903(a)(notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken).  A such, Petitioner is in procedural default for failure to comply with the state filing requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D.Pa. June 7, 2010) (internal quotations omitted).  To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993).  In order to demonstrate a

fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence.  <u>Schlup v. Delo</u>, 513 U.S. 298 (1995); <u>Keller v. Larkins</u>, 251 F.3d 408, 415 (3d Cir.) <u>cert. denied</u>, 122 S.Ct. 396 (2001).

> The Petitioner, however, has not alleged cause or prejudice.  Nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice.  Accordingly, his challenge to the decision of the Pennsylvania Board of Probation and Parole must be rejected on the ground that Adams failed to pursue those issues administrative with the agency, or in the state courts, and has not established appropriate grounds for this Court to consider his claims in the first instance.  Consequently, the petition for writ of habeas corpus will be dismissed for failure to seek final administrative review and exhaust state court remedies.    An appropriate order will follow.

Dated: July 15, 2015                    /s/William J. Nealon
                                        **United States District Judge**

9